CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

Law Office of Vida Halavi SBN. 136999
11040 Santa Monica Boulevard, Suite 400
Los Angeles, CA 90025
Tel: 310-478-4950
Fax: 888-588-4092
vhalavi@gmail.com

Attorney for Defendants
1777 Westwood Limited Partnership and
Farzin Halavy

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Shirley Lindsay**,<br><br>     Plaintiff,<br><br>v.<br><br>**1777 Westwood Limited Partnership**, a California Limited Partnership; **Farzin Halavy; Sutthiwan Soontornvipat**; and Does 1-10,<br><br>     Defendants | Case No. 2:17-cv-00333-ODW-MRW<br><br>**Joint Report (Rule 26) for Scheduling Conference**<br><br>Date:     September 18, 2017<br>Time:     1: 30 p.m.<br><br>Honorable Judge Otis D. Wright II |

PURSUANT TO Rule 26 of the Federal Rules of Civil Procedure and the Order Scheduling Meeting of Counsel filed August 8, 2017, Plaintiff Shirley

1

Lindsay and Defendants 1777 Westwood Limited Partnership and Farzin Halavy hereby submit the following Joint Rule 26(f) Report.

This Rule 26 Report was returned back to Plaintiff with inputs by Defendant Soontornvipat on September 7, 2017. However, since then Plaintiff has been unable to obtain Defendant Soontornvipat's signature and approval to file the Joint Report. This report represents the best understanding of Plaintiff based on the Rule 26 meet and confer that occurred on August 17, 2017.

### 1. Short Synopsis of the Principal Issues

<u>Plaintiff</u>: Shirley Lindsay suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility. Defendants 1777 Westwood Limited Partnership, and Farzin Halavy own the real property located at or about 1771 Westwood Blvd, Los Angeles, California. Defendant Sutthiwan Soontornvipat owns the Thai Fresh Café ("Restaurant") located at or about 1771 Westwood Blvd, Los Angeles, California.

The parking space marked and reserved for persons with disabilities is not compliant with the. Indeed, the access aisle that accompanies the parking space is so fade that other customers freely park in it, not realizing that it used to be reserved for persons with disabilities. There is no "No Parking" warning in the access aisle, which likely contributes to the issue. In addition to not having any compliant parking, the location of the parking space designed for persons with disabilities creates difficulty with the path of travel leading into the Restaurant. When someone parks in the parking space, it blocks the path of travel leading into the Restaurant, making it inaccessible. Plaintiff alleges

that defendants used to have a parking space reserved for persons with disabilities that complied with the law.

Additionally, and even though the plaintiff did not personally confront the barriers, the restroom sink is a cabinet style sink that does not provide any knee clearance for wheelchair users. Finally, the restroom mirror is mounted on the wall so that its bottom edge is approximately 43 inches above the floor and is not effectively used by wheelchair users.

Defendant's failure to provide for accessible parking space, path of travel, inaccessible restroom sink and mirror at the Restaurant is a violation of the ADA and is discriminatory against the plaintiff. Defendant violates plaintiff's rights under the American with Disabilities Act and the Unruh Civil Rights Act and therefore, she seeks injunctive relief and the statutory minimum damage award.

<u>Defendant 1777 Westwood & Halavy</u>:

1. All violations alleged by Plaintiff have been corrected. A Casp inspector has inspected the site and verified that the alleged violations no longer exist.

   a. The technical parking violations were corrected within 15 days of the service of the complaint. As such, Plaintiff is not entitled to minimum Statutory damages. CC§55.56

   b. The parking stripes and the words "no parking" have been re-painted

   c. On 2/27/17 (within 15 days of service of the summons and complaint) Plaintiff's counsel was notified of the corrections

   d. The Restroom is <u>not</u> for public use, and the restaurant has a sign advising of that fact.

   Although the restaurant is not for public use, the 2 issues raised in the complaint have been corrected. The sink cabinet has been

removed. The mirror has been lowered and an additional full length mirror installed. California Health and Safety Code §114276(f).

2. Defendant 1777 Westwood Limited Partnership is the owner of the Subject Property located at 1771 Westwood Boulevard.

3. Defendant, Farzin Halavy is <u>not</u> a title holder of the Subject Property. Despite demand, Plaintiff's counsel has refused to dismiss Halavy from the action.

4. The subject property is an old strip center originally built in the 1940's.

5. The subject restaurant is a very small facility of about 700 square feet. The bathroom in the restaurant passes through the food prep area and, therefore by law is not for use by customers. California Heath and Safety Code § 114276 (b)(2).

6. The subject complaint is what is commonly referred to as a "drive-by filing". The Plaintiff has filed over 160 similar construction related cases, in this court, with the same attorneys, since December 2014. Yet, Plaintiff has no photos of the property or the alleged violations on the date when she allegedly visited the property.

8. In fact, The Complaint is devoid of allegations as to a specific date when Plaintiff allegedly visited the property. Plaintiff has provided no evidence that she visited the property, or that the alleged violations existed at that time.

<u>Defendant Soontornvipat</u>:

1. All violations alleged by Plaintiff have been corrected. A Casp inspector has inspected the site and verified that the alleged violations no longer exist.

a. The technical parking violations were corrected within 15 days of the service of the complaint. As such, Plaintiff is not entitled to minimum Statutory damages.

b. The parking stripes and the words "no parking" have been re-painted.

c. On 2/27/27 (within 15 days of service of the summons and complaint) Plaintiff's counsel was notified of the corrections.

d. The Restroom is not for public use, and the restaurant has a sign advising of that fact.

Although the restaurant is not for public use, the 2 issues raised in the complaint have been corrected. The sink cabinet has been removed. The mirror has been lowered and an additional full length mirror installed. California Health and Safety Code 114276(f).

2. Defendant Sutthiwan Soontornvipat is the owner of the subject restaurant. The Subject restaurant is a very small facility of about 700 square feet. The bathroom in the restaurant passes through the food prep area and, therefore by law is not for use by customers. California Heath and Safety Code 114276 (b)(2).

3. The subject complaint is what is commonly referred to as a "drive-by filling". The Plaintiff has filed over 160 similar construction related cases, in this court, with the same attorneys, since December 2014. Yet, Plaintiff has no photos of the property or the alleged violations on the date when she allegedly visited the property.

4. In fact, The Complaint is devoid of allegations as to a specific date when Plaintiff allegedly visited the property. Plaintiff has provided no evidence that she visited the property, or that the alleged violations existed at that time.

## 2. Statement of Whether Pleadings are Likely to be Amended

<u>Plaintiff</u>: Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect her type of disability and, then, amend the complaint to ensure that the ADA claim reflects her intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1 Imports* (US) Inc., 631 F.3d 939 (9th Cir. 2011).

<u>Defendant 1777 Westwood & Halavy</u>: Not likely to amend its pleadings.

<u>Defendant Soontornvipat</u>: Not likely to amend its pleadings.

## 3. Statement as to Issues which may be Determined by Motion

<u>Plaintiff</u>: The plaintiff believes that all liability issues can be determined by motion.

<u>Defendant 1777 Westwood & Halavy</u>: Defendants intend to file a motion to dismiss based on mootness.

<u>Defendant Soontornvipat</u>: Defendant intends to file a motion to dismiss based on mootness.

## 4. Discovery Plan per Rule 26(f)(3)

a.  <u>Initial Disclosures</u>

The Parties do not seek any changes to the timing, form or requirements for initial disclosures. Plaintiff has served initial disclosures on September 6, 2017. Defendants LP and Halavy will file initial disclosures within the time limits permitted by Rule 26a 1 c, but no later than October 2, 2017. Defendant Soontornvipat anticipates that Initial Disclosure shall be served by _____, 2017.

b. <u>Subjects for Discovery</u>

<u>Plaintiff</u>: will seek discovery related to: (1) the ownership and operation of the business; (2) lack of accessible parking space, path of travel, restroom sink and mirror at the Restaurant; (3) changes or modifications to the property; (4) the feasibility of providing access to persons with disabilities. Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of Defendants and to conduct an expert site inspection.

<u>Defendant 1777 Westwood & Halavy</u>: Defendants will conduct written discovery as well as oral deposition re: the extent of Plaintiff's disabilities; visit to the property; reason for visiting the property; damages, and related matters.

<u>Defendant Soontornvipat</u>: Defendant will conduct written discovery as well as oral deposition Re: the extent of Plaintiff's disabilities; visit to the property; reason for visiting the property; damages, and related matters.

The parties do not propose to conduct discovery in phases. The parties consent to receive by e-mail all discovery responses that are capable to be received via electronic means. The parties propose a discovery cut-off date of August 13, 2018.

c. <u>Electronic Discovery Issues</u>:

<u>Plaintiff</u>: hereby requests that, as part of initial disclosures, Defendants produce all surveillance audio and video footage recorded at Defendants' facility; and which is in its possession or under its

control. Defendant has an ongoing duty to preserve these video tapes and can no longer destroy or copy over such videotape footage.

   Defendant 1777 Westwood & Halavy: Defendants request that Plaintiff preserve all digital and electronic data and information, photos, etc.

   Defendant Soontornvipat: Defendant requests that Plaintiff preserve all digital and electronic data and information, photos, etc.

  d. Privilege or Protection Issues

   None.

  e. Limitations on Discovery

   Plaintiff: Plaintiff requests that rule FRCP 33(a)(1) limits be increased to 45 for both parties. Plaintiff otherwise requests no deviation from the Federal and Local Rules.

   Defendant 1777 Westwood & Halavy: Defendants agree to increasing limits.

   Defendant Soontornvipat: Defendant does not agree to increasing limits.

  f. Other Orders

   The parties do not seek another discovery order at this time.

  g. Discovery Cutoff

   Plaintiff: proposes a final discovery completion date for non-expert discovery of July 23, 2018. Plaintiff proposes that experts be designated per FRCP Rule 26 (a)(2) by July 30, 2018, and expert witness depositions be completed by August 13, 2018.

    <u>Defendant 1777 Westwood & Halavy</u>: Defendants agree to such timelines.

    <u>Defendant Soontornvipat</u>: Defendant agrees to such timelines.

**5. Motions Schedule**

  <u>Plaintiff</u>: anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will occur after the necessary depositions are taken in this case.

  <u>Defendant 1777 Westwood & Halavy</u>: Defendants shall make a motion to dismiss due to mootness of issues.

  <u>Defendant Soontornvipat</u>: Defendant shall make a motion to dismiss due to mootness of issues.

  The parties propose a motion cut-off date of September 10, 2018.

**6. Settlement**

  The parties believe that settlement is likely in this case. The parties believe that L.R. 16-15.4, Settlement Procedure Number 2—settlement proceedings before an attorney selected from the Attorney Settlement Officer Panel—should be utilized in this case.

  <u>Defendant 1777 Westwood & Halavy</u>: Parties have conducted one mediation session. Plaintiff's settlements demands are excessive and will not likely result in a settlement. Defendants will not object to another mediation session.

  <u>Defendant Soontornvipat</u>: If so, defendant requests a mediation before a magistrate judge. Defendant believes that a settlement conference before a Magistrate Judge is warranted because Defendant's status as a pro se litigant qualifies as an extraordinary circumstance.

**7. Trial Estimate and Trial Dates**

The parties anticipate a 2-3 day trial. The parties propose that the Final Pretrial Conference be set for October 22, 2018 and Trial be set for November 6, 2018.

<u>Defendant 1777 Westwood & Halavy</u>: Defendants anticipate at least a 3 day trial.

<u>Defendant Soontornvipat</u>: Defendant anticipates at least a 3 day trial.

**8. Additional Parties**

<u>Plaintiff</u>: does not anticipate joining any additional parties.

<u>Defendant 1777 Westwood & Halavy</u>: does not anticipate joining any additional parties.

<u>Defendant Soontornvipat</u>: does not anticipate joining any additional parties.

**9. Jury Trial**

<u>Plaintiff</u>: requests a bench trial.

<u>Defendant 1777 Westwood & Halavy</u>: requests a bench trial.

<u>Defendant Soontornvipat</u>: requests a bench trial.

**10. Other Issues Affecting Status or Management of Case**

There are no other issues regarding the status or management of the case.

**11. Severance/Bifurcation**

The parties do not have any proposals regarding bifurcation, severance or other ordering of proof.

| | | |
|---|---|---|
| Dated: September 11, 2017 | | CENTER FOR DISABILITY ACCESS |

By: */s/Dennis Price*
Dennis Price
Attorneys for Plaintiff

Dated: September 11, 2017             LAW OFFICE OF VIDA HALAVI

By: */s/ Vida Halavi*
Vida Halavi
Attorneys for Defendant
1777 Westwood Limited Partnership & Farzin Halavy

Dated: September 7, 2017

By: _____
Sutthiwan Soontornvipat

## **SIGNATURE ATTESTATION**

Pursuant to Civil L.R 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in this document's content and have authorized the filing of this document with the use of their electronic signature.

Dated: September 11, 2017　　　　　　　CENTER FOR DISABILITY ACCESS

　　　　　　　　　　　　　　　　　　　　By: */s/Dennis Price*
　　　　　　　　　　　　　　　　　　　　Dennis Price
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff

# EXHIBIT A

# PROPOSED SCHEDULE OF PRETRIAL & TRIAL DATES

| Matter | Weeks Before Trial | Parties Request |
|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Monday at 10:00 a.m.)** | 25 | 5/14/2018 |
| Non-Expert Discovery Cut-Off | 15 | 7/23/2018 |
| Expert Discovery Cut-Off | 12 | 8/13/2018 |
| Last Day to Conduct Settlement Proceedings | 10 | 8/27/2018 |
| Last Day for Law and Motion Hearings | 8 | 9/10/2018 |
| Final Pretrial Conference **(Monday at 1:30 p.m.)** | 2 | 10/22/2018 |
| Last Day for Filing Proposed Findings of Facts and Conclusions of Law (if court trial) | 1 | 10/29/2018 |
| Exhibit Conference **(Friday at 3:00 p.m.)** | Friday before Trial | 11/2/2018 |
| Trial **(Tuesday at 9:00 a.m.)** |  | 11/6/2018 |

Joint Report of Counsel                    2:17-cv-00333-ODW-MRW