CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Russell Handy, Esq., SBN 195058
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay,** | **Case No**. 2:17-cv-00333-ODW-MRW |
| Plaintiff, | |
| v. | |
| **1777 Westwood Limited Partnership**, a California Limited Partnership; **Farzin Halavy; Sutthiwan Soontornvipat**; and Does 1-10, | **Plaintiff's Opposition to Defendant's Motion to Dismiss** |
| Defendants. | |

## I. PRELIMINARY STATEMENT

Plaintiff has sued the defendants because their restaurant failed to have a compliant handicap parking space and accessible restrooms. The defendants have now painted in a compliant parking space, claim their restroom is not for customers, and have now declared the federal claim moot. However, "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to

1

return to his old ways . . . [Thus], the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

In the present case, the violations are of the type that constantly recur, the defendants have a history of violating the ADA parking requirements, whether the restroom is an area of public accommodation is a disputed fact, and the Plaintiff has developed evidence there are additional violations at the site, which will be reflected in an Amended Complaint.

## II. RELEVANT FACTS

Plaintiff, Shirley Lindsay, is a woman with physical disabilities. She suffers from arthritis (osteoarthritis of multiple joints; spinal stenosis of the lumbar spine; and essential hypertension) of her hands, knees, and hips. She uses both a cane and wheelchair for mobility. On or about September 17, 2016, Ms. Lindsay went to the Thai Fresh Café located at or about 1771 Westwood Blvd, Los Angeles, California.

On the date of her visit, Ms. Lindsay encountered a parking space that, while marked and reserved for persons with disabilities, was not compliant with the Americans with Disability Act Accessibility Guidelines (ADAAG). Because she could not safely park, Ms. Lindsay was unable to exit her vehicle to patronize the restaurant. Additionally, at the time of Ms. Lindsay visit, there was a white Toyota Yaris without a handicapped placard parked in the disabled parking stall.

On January 4, 2017, Investigator Evens Louis investigated the restaurant. (Declaration of Evens Louis, ¶ 3.) In addition to finding non-

compliant parking, he was allowed by restaurant staff into the restroom, where he found the restroom sink was a cabinet style sink that did not provide any knee clearance for wheelchair users, and the restroom mirror was mounted on the wall so that its bottom edge was approximately 43 inches above the floor and is not effectively used by wheelchair users. (Id., ¶ 4.) On his January 4 visit, Mr. Louis found a non-placard vehicle parked in the disabled parking stall while unloading merchandise for delivery to the restaurant. The vehicle was a white Toyota Yaris with license plate 6EQA980, which remained in the stall for Mr. Louis' entire visit. (Id., ¶ 6.) Mr. Louis inspected the restaurant again on September 22, 2017. He was again allowed by restaurant staff into the restroom. He again found the width of the restroom door to be 29 inches, and that path of travel to the restroom narrows to as little as 19 inches in some places. (Id., ¶7.)

Under the Scheduling and Case Management Order issued in this case on September 13, 2017 (ECF #30), the deadline to amend pleadings is December 11, 2017, and the deadline to complete discovery is June 18, 2018. Plaintiff intends to seek to file a First Amended Complaint to add allegations that the restroom remains non-compliant. Plaintiff also intends to seek a noticed expert sit inspection to confirm adequate parking remediation has occurred.

### III. THE QUESTION OF JURISDICTION IS BASED ON DISPUTED FACTS

Defendants seek to have this Court adjudicate the entire case by bringing an improper motion. While it is appropriate in certain circumstances to bring a motion under Federal Rule of Civil Procedure 12(b)(1) introducing extrinsic facts and challenging federal court jurisdiction, it is not appropriate in the present case with the present motion.

The problem with the defendants' motion is that the very question this Court needs to address in determining whether it has jurisdiction is the same question that must be answered to determine the merits of the case. Plaintiff alleges that the defendant's property – particularly the parking lot and restroom – does not comply with state and federal accessibility laws. If that is true, the plaintiff wins. If that is wrong, the plaintiff loses. That is the case. The ultimate question in this case is whether the defendants' parking lot and restroom complies with accessibility laws, which includes whether the restroom is a place of public accommodation. The defendants, however, ask this Court to answer that very question in determining whether it has jurisdiction. This is improper.

A court should not resolve disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits. (*Roberts v. Corrothers* (9th Cir. 1987) 812 F.2d 1173, 1177; *Holt v. United States* (10th Cir. 1995) 46 F.3d 1000, 1003.) In such cases, the Rule 56 "summary judgment standard" applies. (*Roberts*, 812 F.2d at 1177; *Bennett v. United States* (11th Cir. 1996) 102 F.3d 486, 488.) The question of jurisdiction and the merits of an action are considered intertwined where the same statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief. (*Sun Valley Gasoline, Inc. v. Ernst Enterprises, Inc.* (9th Cir. 1983) 711 F.2d 138, 139; *Holt v. United States* (10th Cir. 1995) 46 F.3d 1000, 1003.)

Moreover, even if it were appropriate for the Court to make determinations regarding the ultimate factual question, the defendants have not provided a sufficient showing as to the restroom violations, and Plaintiff has not had the opportunity to independently verify the remediation to the parking stall is sufficient. Plaintiff's firm has many cases where handicap parking seems to be remediated but is in fact configured completely wrong.

This is a brand new case. This Court issued the case management dates on September 13, 2017, and Defendants filed this motion two weeks later. Plaintiff has not had time to conduct discovery and specifically asks for additional time to conduct modest discovery to assist the court in determining whether the property has indeed been brought into compliance with the law. The defendants are, in essence, asking this Court to make findings that the property now complies with the law – the point of the whole case – without permitting the plaintiff to conduct any formal discovery. What's more, Plaintiff informal discovery suggests that in fact the property does not presently comply with the law. The path of travel and door to the restroom, which Plaintiff's investigator was permitted access to as a member of the public as recently 17 days ago, are in violation of the ADA, and Plaintiff is well within the allowed period of time to amend her Complaint to so allege.

The plaintiff respectfully requests this Court refrain from making factual determinations that go right to the heart of the merits of the case as this is improper. Plaintiff asks that this Court deny the defendant's motion to dismiss.

### IV. THE VIOLATIONS CAN EASILY REOCCUR

> The burden of establishing mootness by voluntary compliance is a heavy one. A request for prospective relief can be mooted by a defendant's voluntary compliance if the defendant meets the "formidable burden" of demonstrating that it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." Such a burden will typically be met only by changes that are permanent in nature and that foreclose a reasonable chance of recurrence of the challenged conduct.

*Tandy v. City of Wichita*, 380 F.3d 1277, 1291 (10th Cir. 2004) (internal cites and quotes omitted for readability).

There are a number of ADA violations that are structural in nature and

their removal means that the violation cannot reasonably recur. For example, if the barrier is an unramped step and the defendant physically removes the step and replaces it with a permanent ramp, there is no reasonable likelihood that the violation will be repeated. In other words, when the removal of the barrier involves a "structural modification," it is unlikely that the barrier will show up again in the future. *Sharp v. Rosa Mexicano, D.C., LLC*, 496 F. Supp. 2d 93, 99 (D.D.C. 2007) (where the defendant installed a handicap accessible sink and the court noted that the lack of an accessible sink could not be reasonably expected to recur in the future as the fix involved "structural modification" that was, "in short, a *fixture*" and somewhat permanent) (emphasis in original). By contrast, in a case where the violation was the placing of objects (a dumpster) in the accessible parking stall and the defense declared a new practice of not doing this anymore, the court rejected the claim of mootness and reasoned: "Unlike ADA cases involving post-lawsuit structural alterations, which would require defendants to make physical alterations to a non-ADA compliant property, the policy at issue here simply requires Defendants' inaction." *Langer v. Kaimana LLC*, 2016 WL 7029151, at *2 (C.D. Cal. Dec. 1, 2016).

In the present case, some of the alleged violations, such as the cabinet-style restroom sink, are structural. However, the fixes to the parking stall are not structural and not permanent and the violations can recur in a moment's time or by simply inaction. Parking lot striping is a violation that continually resurfaces at a particular site. Parking lot striping, especially at asphalt parking lots such as in this case, needs to be redone every few years. Once a site inspection is allowed to occur, Plaintiff anticipates presenting expert testimony that properly maintaining an asphalt parking lot requires constant filling of cracks, constant sealing (every 2-3 years) and constant repainting of the parking lot striping. It is very easy and very common for businesses to let

parking lot striping fade to the point of being non-functioning or to be improperly repainted to lose an access aisle or to become narrower than permitted by the access standards.

Merely fixing a problem after being sued does not render the claims moot. "The question is not whether the precise relief sought at the time the application for an injunction was filed is still available. The question is whether there can by any effective relief. Mere voluntary cessation of allegedly illegal conduct does not moot a case; it if did, the courts would be compelled to leave the defendant free to return to his old ways." *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005) (internal cites and quotes omitted for readability). Here, if the Court finds that there was a parking lot violation, the Court can certainly order the defendant to maintain the parking lot in compliance with the ADA accessibility standards.

A recent case where almost identical facts were presents is found in *Lozano v. C.A. Martinez Fam. Ltd. Partn.*, --- F.Supp.3d ---, 2015 WL 5227869 (S.D. Cal. Sept. 8, 2015). In *Lozano*, the plaintiff sued under the ADA for the failure to provide accessible parking spaces. The defense moved for dismissal, arguing that the plaintiff's federal claim was moot. "Defendants contend that Plaintiff's ADA claim is moot because in March 2014, after receiving notice of Plaintiff's Complaint, Defendants refreshed the paint on all of the disabled-reserved parking spaces (16 parking spaces with eight access aisles). The Swap Meet has also adopted new policies and procedures for maintenance of the disabled-reserved parking spaces to take into account the effect that sun-rays have on paint." *Id.* at *2. The District Court denied the motion.

The District Court found that "[a]lthough the defendants have taken steps in the right direction to assure that the handicap parking spaces stay in compliance with the ADA, the Court cannot conclude that Plaintiff's claims for injunctive relief are now moot." *Id.* The Court noted the "formidable burden"

that a defendant must reach to present a voluntary cessation argument, and pointed out that: "Defendants implemented new policies regarding inspecting and repainting the accessible parking spaces after Plaintiff filed this lawsuit." *Id.* at *3. The Court stated the obvious: "there is no guarantee that Defendants won't just fail to follow through with their new policy of vigilantly inspecting the accessible parking spaces. Unlike cases where defendants would have to undo structural alterations to violate the ADA or would have to actively implement different policies, here, Defendants could run afoul of the ADA in the future by mere inaction and allowing the paint on the accessible spaces to fade." *Id.* at *3.

Here, unlike *Lozano*, there is no claim of a policy in place in ensure the newly painted stall and access aisle do not fall into disrepair. Further, Plaintiff believes she has evidence that someone connected with the restaurant regularly uses the handicap stall and access aisle to park his or her Toyota Yaris while conducting restaurant business. Plaintiff intends seek discovery to determine who owns this vehicle. Finally, Plaintiff also has evidence that the restroom is both available to restaurant customers and is currently not compliant with the ADA, and intends to amend her complaint to reflect additional barriers. One of the barriers – the placement of merchandise in paths of travel – is of the kind that can recur at any time

Defendants clearly have no regard for the ADA and providing equal access to people with disabilities, and will require the motivation of a Court order to comply with federal law.

///
///
///
///
///

## V. CONCLUSION

The plaintiff respectfully requests this Court deny the defense motion.

Dated: October 9, 2017              CENTER FOR DISABILITY ACCESS


By: */s/ Chris Carson*
Chris Carson, Esq.
Attorneys for Plaintiff