# United States District Court
# Central District of California

| | |
|---|---|
| SHIRLEY LINDSAY,<br><br>                Plaintiff,<br><br>     v.<br><br>1777 WESTWOOD LIMITED<br>PARTNERSHIP; FARZIN HALAVY;<br>SUTTHIWAN SOONTORNVIPAT;<br>DOES 1–10,<br><br>                Defendants. | Case № 2:17-CV-00333-ODW-MRW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [31]; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [32]** |

## I.   INTRODUCTION

Plaintiff Shirley Lindsay alleges that Defendants violated the American with Disabilities Act ("ADA") because they did not maintain compliant handicap parking spaces and restrooms at their business location.   Pending before the Court are Defendants 1777 Westwood Limited Partnership and Farzin Halavy's Motion to Dismiss and Pro-se Defendant Sutthiwan Soontornvipat's Motion for Summary Judgment.  (ECF Nos. 31, 32.)  Both motions are premised on Defendants' contention that they have corrected the alleged ADA violations and, therefore, this Court lacks

subject matter jurisdiction over Plaintiff's claims.  For the following reasons the Court **DENIES** both Motions.[1]

## II.   BACKGROUND

Plaintiff filed this lawsuit on January 16, 2017, against Defendants for violations of the ADA and the Unruh Civil Rights Act.  (Compl., ECF No. 1.) Plaintiff alleges that she visited Defendants' business, a restaurant by the name of Thai Fresh Café, and found that the access aisle next to the designated handicap parking space was so faded that other customers were freely parking in it.  (*Id.* ¶ 10– 14.)  She also alleges that the "No Parking" warning that should have been in the access aisle was missing.  (*Id.* ¶ 14.)  The condition of Defendants' property, Plaintiff alleges, makes it difficult for disabled persons to get to the restaurant.  (*Id.* ¶ 15.) Plaintiff also alleges that the mirror in the restroom is mounted at approximately 43 inches above the floor and cannot be used effectively by persons in wheelchairs, like Plaintiff.  (*Id.* ¶ 20.)

On September 27, 2017, Defendants 1777 Westwood Limited Partnership and Farzin Halavy moved to dismiss Plaintiff's Complaint, arguing that the Court lacks subject matter jurisdiction over this case because Defendants' have corrected the alleged violations.  (Mot. to Dismiss ("MTD"), ECF No. 31.)  On September 28, 2017, Defendant Soontornvipat, who is appearing in this action pro se, moved for summary judgment on the same grounds.  (Mot. for Summary Judgment ("MSJ"), ECF No. 32.)  Plaintiff opposed the Motion to Dismiss, but not the Motion for Summary Judgment.  (*See* Opp'n, ECF No. 38.)

## III.   LEGAL STANDARD

### A.   Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by

---

[1] After considering the papers filed in connection with the Motions, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A party may move to dismiss a lawsuit for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the Court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

**B.     Motion for Summary Judgment**

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is not genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Wellington v. Lyon Cnty. Sch. Dist.*, 187 F.3d 1150, 1154 (9th Cir.1999) (citing *Anderson*, 477 U.S. at 248). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Soontornvipat's motion for summary judgment is unopposed. A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact. *See United States v. Real Prop. at Incline Village*, 47 F.3d 1511, 1520 (9th Cir. 1995) (local rule cannot mandate automatic entry of judgment for moving party without consideration of whether motion and supporting papers satisfy Fed. R. Civ. P. 56).

## IV.   DISCUSSION

Although they attempt to do so through different procedures, Defendants are seeking the same result—for the Court to dismiss this case for lack of subject-matter jurisdiction because the Defendants have remediated the property. Where, as here, a private plaintiff brings an ADA claim seeking to enjoin a defendant to remove an architectural barrier, removal of the barrier before final judgment moots the ADA clam based on that barrier. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *see also Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (ADA claims became moot when plaintiff received the accommodation he sought). The Court addresses each pending motion, in turn, below.

## A.    Motion to Dismiss

The Ninth Circuit has cautioned that courts should not apply Federal Rule of Civil Procedure 12(b)(1) or 12(h)(3) to dismiss a claim on subject-matter jurisdiction grounds when, as it is here, the jurisdictional issue is intertwined with the merits of a claim. *See Sun Valley Gasoline, Inc. v. Ernst Enters., Inc.*, 711 F.2d 138, 139–40 (9th Cir. 1983); *Safe Air*, 373 F.3d at 1039; *Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ("The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case . . . where issues of jurisdiction and substance are intertwined.  A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'") (citation omitted).  Simply put, the Court will not dismiss the action at the pleading stage because the jurisdictional analysis is coextensive with the merits of Plaintiff's ADA claim.  1777 Westwood Limited Partnership and Farzin Halavy submit a report prepared by Amir Hamidzadeh, which purports to establish that the property is fully ADA compliant.  (*See* Ex. 1, ECF No. 31-1.)  While disguised as a factual attack on subject matter jurisdiction, this evidence—that the Court cannot consider on a motion to dismiss—actual seeks to prove that the defendants remediated the property.  Such an inquiry is better left to a motion for summary judgment.  For these reasons, the Court **DENIES** Defendants' Motion to Dismiss.  (ECF No. 31.)

## B.    Motion for Summary Judgment

Soontornvipat's Motion for Summary Judgment, although unopposed, does not sufficiently support the relief requested therein.  As a preliminary matter, the Motion does not comply with the Local Rules for this District or the Court's standing order.  A party moving for summary judgment must lodge a proposed "Statement of Uncontroverted Facts and Conclusions of Law."  C.D. Cal. L.R. 56-1.  Such proposed

statement shall set forth the material facts as to which the moving party contends there is no genuine dispute. *Id.*[2]

Additionally, the Motion does not lay the appropriate foundation for the report of Mr. Hamidzadeh, who allegedly inspected the property and opined that it was now in compliance with the applicable statutes. *See* Fed. R. Civ. P. 56. As presented, that report constitutes inadmissible hearsay. *See* Fed. R. Evid. 801, 802. Further, Soontornvipat's own declaration does not contain the necessary foundation to support his contention that his business is now in compliance with the requirements of the ADA. (ECF No. 34.) Therefore, the Court **DENIES** Soontornvipat's Motion for Summary Judgment without prejudice. (ECF No. 32.)

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

---

[2] Then, the opposing party shall serve and file with their opposing papers a separate document containing a concise "Statement of Genuine Disputes" setting forth all material facts as to which it is contended there exists a genuine dispute necessary to be litigated. C.D. Cal. L.R. 56-2.

# V. CONCLUSION

For the foregoing reasons, the Court **DENIES** the pending Motion to Dismiss (ECF No. 31) and Motion for Summary Judgment. (ECF No. 32.) The denial of the Motion for Summary Judgment is without prejudice. While inartfully drafted, the Motion for Summary Judgment makes a compelling case that the ADA violations have been remedied, which if proven, would require the Court to dismiss the federal claims as moot.[3] This case could be disposed of through motions for summary judgment, assuming such motions are supported by admissible evidence and comply with the Local Rules and the Court's orders. Therefore, the Court **ORDERS** the parties to meet and confer and provide a written joint proposal for a summary-judgment briefing schedule no later than **March 5, 2018**.

**IT IS SO ORDERED.**

February 8, 2018

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[3] Once the federal claims are dismissed, it is within the Court's discretion to dismiss the remaining state-law claims. 28 U.S.C. § 1367(c).