CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Elliott Montgomery, Esq., SBN 279451
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
EliottM@potterhandy.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay,** | **Case:** 2:17-cv-00333-ODW-MRW |
| Plaintiff, | **Plaintiff's Memorandum of Points and Authorities in Support of Motion for:** |
| v. | 1. **Relief from the Scheduling Order in Order for Plaintiff to File a First Amended Complaint; and** |
| **1777 Westwood Limited Partnership,** a California Limited Partnership; | 2. **For Leave to File First Amended Complaint** |
| **Farzin Halavy;** | |
| **Sutthiwan Soontornvipat;** | |
| And Does 1-10, | |
| Defendants. | Date: March 19, 2018 |
| | Time: 1:30 P.M. |
| | Courtroom: 5D |
| | Hon. Judge Otis D. Wright, II |

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................i

TABLE OF AUTHORITIES ............................................................................ii

I.      RELEVANT FACTS .........................................................................1

II.     DISCUSSION ....................................................................................3

  A.   Good Cause Exists to Amend the Scheduling Order to Allow
      Plaintiff to File Her First Amended Complaint................................3

  B.   Policies and Principles Underlying the Role of Pleadings in Federal
      Courts Require 'Extremely Liberal' Opportunities to Amend
      Complaints ........................................................................................4

  C.   This Court Should Allow the Amendment Because There Is No
      Undue Delay, Bad Faith, Futility, Dilatory Motives, Previous
      Amendments or Prejudice. ...............................................................5

    1.   Undue Delay..............................................................................6

    2.   Futility.......................................................................................8

    3.   First Amendment ......................................................................8

    4.   No Prejudice ..............................................................................9

III.    CONCLUSION................................................................................11

i

1
2

# **TABLE OF AUTHORITIES**

3

4

**Cases**

5

*Aughe v. Shalala,*

6

   885 F.Supp 1428 (W.D. Wash. 1995) ...................................................5

7

*Crawford v. Gould,*

8

   56 F.3d 1162 (9th Cir. 1995) .................................................................7

9

*DCD Programs, Ltd. v. Leighton,*

10

   833 F.2d 183 (9th Cir. 1987) ........................................................ 3, 4, 6

11

*Foman v. Davis,*

12

   371 U.S. 178 (1962) .................................................................................2

13

*Forsyth v. Humana, Inc.,*

14

   99 F.3d 1504 (9th Cir. 1996) .............................................................. 3, 5

15

*Gabrielson v. Montgomery Ward & Co.,*

16

   785 F.2d 762 (9th Cir.1986) .................................................................5

17

*Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping*

18

   *Industry of Southern California,*

19

   648 F.2d 1252 (9th Cir. 1981) ........................................................... 3, 8

20

*Jackson v. Bank of Hawaii,*

21

   902 F.2d 1385 (9th Cir. 1990) ........................................................... 4, 6

22

*Jones v. Community Redevelopment Agency,*

23

   733 F.2d 646 (9th Cir.1984) ................................................................5

24

*Morongo Band of Mission Indians v. Rose,*

25

   893 F.2d 1074 (9th Cir. 1989) ........................................................ 2, 3, 7

**Statutes**

26

Fed. R. Civ. P.  15(a) ....................................................................................2

27
28

# I.   RELEVANT FACTS

On January 16, 2017, the plaintiff filed the complaint in this case alleging violations of the ADA and the Unruh Civil Rights Act. (ECF-1). The plaintiff's complaint alleged that the defendants' property/business had no useable, properly configured, and accessible parking, did not have an accessible path of travel from the parking into the business, and had barriers in the bathroom. Plaintiff's complaint also notified defendants and the Court that "plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection." (ECF-1).

Good cause exists for the filing of an amended complaint for the reasons stated hereinafter. On September 15, 2017 plaintiff designated her Expert Witness. *Declaration of Elliott Montgomery* ¶4 (hereinafter "*Montgomery Decl.*"). On November 16, 2017 plaintiff's expert inspected the subject property and provided a detailed 16-page written site inspection report to plaintiff's counsel, replete with measurements and photographs, dated November 28, 2017. During the course of her inspection plaintiff's expert discovered unlawful architectural barriers in addition to those alleged in plaintiff's complaint. *Montgomery Decl.* ¶6.

Plaintiff had previously notified defendants and the Court on September 11, 2017, in section 2 of the parties Joint Report, "**Statement of Whether Pleadings are Likely to be Amended**", that "Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barrier removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc*., (9th Cir. 2008) 524 F.3d

PNA in support of Motion for Relief and to File FAC          **Case:** 2:17-cv-00333-ODW-MRW

1034 and *Chapman v. Pier 1 Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011)." *Montgomery Decl.* ¶4; ECF-28.

By the time that plaintiff had obtained the information from her designated expert and drafted a proposed First Amended Complaint, the December 11, 2017 deadline in the Scheduling Order for this case to amend the pleadings had already passed. *Montgomery Decl.* ¶7.

On January 3, 2018 after receipt of the Expert's Report and the drafting of a proposed First Amended Complaint, incorporating the additional unlawful architectural barriers detailed by the Expert, plaintiff's undersigned counsel called and emailed defense counsel Vida Halavi, Esquire, a copy of the redlined First Amended Complaint and asked if she would be willing to stipulate to the filing of the same. Counsel further requested that if counsel was unwilling to stipulate that she provide a time to meet and confer on plaintiff bringing this instant motion. *Montgomery Decl.* ¶8.

On January 18, 2018 counsel met and conferred with said defense counsel. Attorney Halavi's counsel was unwilling to stipulate to the filing of plaintiff's First Amended Complaint. The parties then conferred about this Motion for relief from the scheduling order and for leave for Plaintiff to file her First Amended Complaint. *Montgomery Decl.* ¶9

Also on January 18, 2018 counsel called and emailed defendant Sutthiwan Soontornvipat, who is appearing in Pro Per, to request that she either stipulate to the filing of plaintiff's First Amended Complaint or set a time to meet and confer re this Motion per Local Rule 7-3. As of February 16, 2018 counsel has received no response of any kind from this defendant.  Thus, the plaintiff now moves to amend his complaint to identify the additional violations. *Montgomery Decl.* ¶10.

This motion is being filed within one week of plaintiff's counsels' most recent attempt to obtain the stipulation of the defendants to stipulate to plaintiff filing a First Amended Complaint. There is good cause for these amendments as stated supra; and they are neither surprising nor represent a sudden or unfair shift in the theories or claims being made. The Plaintiff, therefore, now respectfully requests relief from the Motion deadline of the Scheduling Order and for leave of this court to amend the complaint.

## II.   DISCUSSION

### A.   Good Cause Exists to Amend the Scheduling Order to Allow Plaintiff to File Her First Amended Complaint

By the time that plaintiff had obtained the information from her designated expert and drafted a proposed First Amended Complaint, the December 11, 2017 deadline in the Scheduling Order for this case to amend the pleadings had already passed. *Montgomery Decl.* ¶7. Therefore, this Court cannot consider Plaintiff's motion to amend the pleadings until after Plaintiff obtains relief from the Rule 16 Scheduling Order deadline. See *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Federal Rule of Civil Procedure 16(b)(4) requires that a party seeking leave amend the pleadings after entry of a scheduling order must first show "good cause" exists for their amendment. *Coleman* at 1294 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992); Fed. R. Civ. P. 16(b).  To prove there exists "good cause" under Rule 16(b), Plaintiff must demonstrate that he acted with "reasonable diligence." *Noyes v. Kelly Svs.*, 488 F.3d 1163, 1174 (9th Cir.

3

2007). "Good cause" may be found for purposes of FRCP 16(b)(4) where the moving party shows that it, "(1) diligently assisted the court in recommending and creating a workable scheduling order, (2) is unable to comply with the deadlines contained in the scheduling order due to issues not reasonably foreseeable at the time of the scheduling order, and (3) was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order." *Morales v. Ralphs Grocery Co.*, No. 1:12-CV-00742-AWI, 2012 WL 6087699, at 2 (E.D. Cal. Dec. 6, 2012) (internal citations omitted). New information discovered after the amendment deadline is considered good cause for leave to amend. See *Thompson v. George DeLallo Co.*, No. CIV. S-12-1058 LKK, 2013 WL 211204, at 7 (E.D. Cal. Jan. 16, 2013).

As clearly detailed hereafter in this Motion, Plaintiff's actions meet all of the criteria for showing good cause for granting relief from the Scheduling Order  allowing her to file an amended complaint adding an essential party.

### B.   Policies and Principles Underlying the Role of Pleadings in Federal Courts Require 'Extremely Liberal' Opportunities to Amend Complaints

When a party seeks to amend his complaint, leave "shall be freely given when justice so requires." Fed. R. Civ. P.  15(a). Over thirty years ago, the Supreme Court declared that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court explained:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of mere technicalities.  The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

1   *Id.* at 181-82. The Supreme Court then established some principles that

2   have been consistently followed by courts deciding whether to allow an

3   amendment to a complaint:

4       If the underlying facts or circumstances relied upon by a
5       plaintiff may be a proper subject of relief, he ought to be
        afforded an opportunity to test his claim on the merits. In the
6       absence of any apparent or declared reason--such as undue
        delay, bad faith or dilatory motive on the part of the movant,
7       repeated failure to cure deficiencies by amendments
        previously allowed, undue prejudice to the opposing party by
8       virtue of allowance of the amendment, futility of
        amendment, etc.--the leave sought should, as the rules
9       require, be 'freely given.'

10   *Id.* at 182.

11       This circuit has consistently followed the Supreme Court's

12   mandate.  The policy of 'freely allowing' the amendments of complaints

13   "is to be applied with extreme liberality." *Morongo Band of Mission Indians*

14   *v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1989). Although the district court

15   exercises discretion in allowing amendments, it abuses its discretion by

16   denying an amendment when there is an absence of judicially developed

17   factors. *Hurn v. Retirement Fund Trust of the Plumbing, Heating and Piping*

18   *Industry of Southern California*, 648 F.2d 1252, 1253 (9th Cir. 1981).

19   These factors are discussed below.

20

21       **C.    This Court Should Allow the Amendment Because There Is No Undue Delay, Bad Faith, Futility, Dilatory Motives, Previous Amendments or Prejudice.**

22

23       "The following factors guide a court's determination of whether a

24   motion to amend should be granted: (1) undue delay; (2) bad faith; (3)

25   futility of amendment; and (4) prejudice to the opposing party." *Forsyth v.*

26   *Humana, Inc.*, 99 F.3d 1504, 1518 (9th Cir. 1996). Another factor that

27   can be considered by the court is whether the plaintiff has already

28   amended her complaint once. *DCD Programs, Ltd. v. Leighton*, 833 F.2d

183, 186 at fn. 3 (9th Cir. 1987).  Because none of these factors apply in the present case, this court should allow Plaintiff to amend his complaint.

### 1. *Undue Delay*

If the proposed amendment was unduly delayed, the district court can consider this as a factor in exercising its discretion to allow or deny the amendment. <u>Hurn</u>, 648 F.2d at 1253. In both *Hurn* and *Morongo*, the courts were faced with proposed amendments that had been delayed for two years. The *Morongo* court considered it a factor (among many) in its ultimate denial of the amendment, while the *Hurn* court allowed the amendment despite the two-year delay. *Id.*; *Morongo*, 893 F.2d at 1079. The *Morongo* court explained that even a *two-year* delay is not enough, by itself, to justify denying a proposed amendment. *Id.* The *Hurn* court stated:

> Delay alone does not provide sufficient grounds for denying leave to amend: Where there is lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.

*Hurn*, 648 F.2d at 1253.

On the other hand, where the court is faced with bad faith and dilatory tactics, it will not abuse its discretion in denying an amendment. For example, in *Jackson v. Bank of Hawaii*, 902 F.2d 1385 (9th Cir. 1990), the court of appeals affirmed the district court's denial of an amendment. The court pointed out that the case had been "extensively litigated with several trial dates set" already. *Id.* at 1388. Furthermore, the plaintiffs knew they were going to amend and, in fact, "informed the court of their intention to file an amended complaint in March 1987, in May 1987, and

in February 1988, but delayed offering their amended complaint until May 1988." *Id.* The seventh month delay from the time they said they would file an amendment to the time they actually did file was "inexplicable and unjustified." *Id.*

Quite another situation was presented in *DCD Programs*. In *DCD Programs*, a defendant argued "unjust delay" in seeking to add it as a defendant. *DCD Programs*, 833 F.2d at 186. The district court rejected this argument and its decision was upheld by the court of appeals. *Id.* The court stated:

> [T]his suit is still in its early stages, and appellants have offered a satisfactory explanation for their delay in naming HFB as a defendant, i.e., they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct. Moreover, Fed.R.Civ.P. 11 requires the sanctioning of attorneys who bring suits lacking a factual basis. Consequently, attorneys are cautioned, by this threat of sanctions, to perform their duty to investigate before involving a party in a lawsuit.

*Id.*, at 186 & fn. 4.

In sharp contrast to the two-year delays in *Hurn* and *Morongo*, (even these delays were not enough to prevent the amendments), Plaintiff has timely filed this motion within weeks of obtaining the new information. Moreover, similar to the *DCD Programs* case, this case is in its "early stages," with Discovery still open. Given the early stage of this case, this swiftly brought motion to amend, the "extremely liberal" Supreme Court mandate, and the policies of trying cases on their merits, this court should find that there has not been an undue delay and allow the amendment.

2.      *Futility*

If the amended complaint would do nothing more than present a futile claim, the district court can properly deny the amendment. *Forsyth*, 99 F.3d at 1518. In *Forsyth*, the plaintiff's sought leave to amend the complaint and add new claims. *Id*. The district court properly denied the amendment because one claim was preempted by federal law and the other claim was predicated upon a criminal statute and provided no private cause of action. *Id*. The futility of the claims would have resulted in a waste of judicial resources and were properly denied. *Id*.; *see also Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir.1986) (holding that amendment was futile because amended claim could not survive summary judgment); *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 650 (9th Cir.1984) (holding that motion to amend is futile if amended complaint would not survive a motion to dismiss); *Aughe v. Shalala*, 885 F.Supp 1428 (W.D. Wash. 1995) (holding that the addition of new parties who would merely assert the same claims that had already been summarily judged was a futile gesture).

Plaintiff's motion to update the facts and identify the additional architectural barriers, however, is not futile. The relevant claims have not been adjudicated, the claims are not preempted, the claims do state a cause of action against the parties, and the modification of the complaint is therefore not futile.

3.      *First Amendment*

Another factor occasionally considered in reviewing a motion to amend a complaint is "whether the plaintiff has previously amended her

1   complaint." *DCD Programs*, 833 F.2d at 186, fn.3. The *DCD Programs*
2   court explained:

> In <u>Mir v. Fosburg</u>, 646 F.2d 342 (9th Cir. 1980), the plaintiff had amended his complaint once. Both the original complaint and the amended one were dismissed for lack of jurisdiction. When the plaintiff requested leave to file a second amended complaint, the district court denied the motion. In affirming the denial, this court held that a district court's discretion over amendments is especially broad "where the court has already given a plaintiff one or more opportunities to amend his complaint...." <u>Id.</u> at 347; <u>see</u> <u>Fidelity Financial Corp. v. Fed. Home Loan Bank</u>, 792 F.2d 1432, 1438 (9th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 949, 93 L.Ed.2d 998 (1987); <u>Mooney v. Vitolo</u>, 435 F.2d 838, 839 (2d Cir.1970) (per curiam).

11  *Id.*

12  Plaintiff has not amended her complaint previously. Hopefully,
13  Plaintiff will not need to amend her complaint ever again. Because the
14  complaint has not been previously amended, the district court should
15  "freely allow" this first amendment.

17      4.      *No Prejudice*

19      A district court can deny a proposed amendment if permitting the
20  amendment would prejudice the opposing party. *Jackson*, 902 F.2d at
21  1387. In fact, this factor is the most important factor. *Id.* In *Jackson*, the
22  district court properly denied the amendment because after the case had
23  been extensively litigated and several trial dates set, the plaintiffs sought
24  to amend the complaint alleging new legal theories predicated upon a
25  different set of facts. *Id.* at 1387-88. The district court determined that
26  this would unduly prejudice the defendants. *Id.*
27      Similarly, in *Morongo*, the district court rejected a proposed
28  amendment because:

9

---

The new claims set forth in the amended complaint would have **greatly altered** the nature of the litigation and would have required defendants to have undertaken, at a late hour, an **entirely new course of defense**.  Again, this factor is not fatal to amendment but it enters into the balance.

In light of the **radical shift** in direction posed by these claims, their **tenuous nature**, and the **inordinate delay**, we conclude that the district court did not clearly abuse its discretion in denying leave to amend.

*Morongo*, 893 F.2d at 1079 (emphasis added) (internal citations omitted).

In contrast, the defendants in the present case are faced with the exact same causes of action and will use the same defenses. There is no radical shift in the case, the claims are not merely tenuous, and there has been no inordinate delay. Plaintiff's amendment alleges the same causes of action and merely adds additional barriers to the list.

Plaintiff's amendment is much more analogous to the *Hurn* and *Crawford* amendments. In *Crawford*, the appellate court stated bluntly that the plaintiff should be allowed to amend his complaint *because* the "amendment would not prejudice [defendants], because it would not require [defendants] to undertake an entirely new course of defense, or to conduct substantial additional discovery." *Crawford v. Gould*, 56 F.3d 1162, 1169 (9th Cir. 1995) (emphasis added). Just like the *Crawford* defendants, the defendants in the present case are faced with the same claims and will utilize the same type of defense.

In *Hurn*, the court examined the case and found that the "same set of operative facts" were alleged and that the defendants had not compromised their positions in such a way that the amendment would prejudice them. *Hurn*, 648 F.2d at 1253. The same circumstances exist in the present case. The same set of operative facts exists and the defendants have not compromised their positions in any way.

10

## III.  CONCLUSION

Leave to amend "shall be freely given" when justice so requires and this policy is to be applied with extreme liberality. The district court has discretion to deny a motion to amend when certain factors are present. None of these factors are present in this case.  This motion is (1) the first attempt to amend this complaint, (2) it does not allege an entirely new set of facts or legal theories, (3) the defendants have not compromised their positions, (4) the amendment is neither futile nor dilatory. Moreover, Plaintiff has a good reason for amending his complaint: to identify the additional barriers discovered through a site inspection.

Allowing Plaintiff to amend his complaint would further the principles underlying Rule 15(a) by allowing the trial to proceed on its merits to trial with correct factual allegations in the complaint. The Plaintiff respectfully requests leave to amend the complaint.

Dated: February 16, 2018          CENTER FOR DISABILITY ACCESS


By:___/s/ Elliott Montgomery_____
Elliott Montgomery
Attorneys for Plaintiff

PNA in support of Motion for Relief and to File FAC          **Case:** 2:17-cv-00333-ODW-MRW