# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY LINDSAY,<br><br>　　　　Plaintiff,<br>　v.<br>1777 WESTWOOD LIMITED PARTNERSHIP, a California Limited Partnership; FARZIN HALAVY; SUTTHIWAN SOONTORNVIPAT; and DOES 1–10,<br><br>　　　　Defendants. | Case No. 2:17-cv-00333-ODW(MRW)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE COURT'S SCHEDULING ORDER [43]** |

## I.　INTRODUCTION

Plaintiff Shirley Lindsay ("Lindsay") moves the Court for relief to modify the Scheduling Order and for leave to file a First Amended Complaint ("FAC"), after learning of additional unlawful architectural barriers at the Defendants' real property (the "Restaurant") that is the subject of this complaint. (Plaintiff's Motion for Relief to the Scheduling Order and For Leave to File a First Amended Complaint ("Mot.") 2, ECF No. 43.) For the reasons that follow, the Court **DENIES** Lindsay's request.[1]

//
//

---

[1] After considering the papers filed in connection with this Motion, the Court deemed this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On January 16, 2017, Lindsay filed this action against Defendants for violation of the Americans with Disabilities Act ("ADA"), and California's Unruh Civil Rights Act. (Compl., ECF No. 1.) Lindsay contends that she went to Defendants' restaurant in September 2016, and encountered barriers relating to a parking space that was not compliant with the ADA. (Compl. ¶¶ 10, 13.) Additionally, Lindsay alleges that there were other barriers that she did not personally confront, but they deterred her from patronizing Defendants' Restaurant. (*Id.* ¶ 24.) Lindsay's Complaint states that once she conducted a site inspection, she planned to amend "to provide proper notice regarding the scope of this lawsuit." (*Id.* ¶ 25.)

On September 13, 2017, the Court issued a Scheduling and Case Management Order governing this case. (Scheduling Order 22, ECF No. 30.) The Court set trial for September 18, 2018, and the cutoff date to amend pleadings for December 11, 2017. (*Id.*) On September 27, 2017, Defendants 1777 Westwood Limited Partnership and Farzin Halavy moved to dismiss Lindsay's Complaint, arguing that the Court lacked subject matter jurisdiction because Defendants corrected the alleged violations. (Motion to Dismiss ("MTD"), ECF No. 31.) On September 28, 2017, Defendant Soontornvipat, who is appearing in this action pro se, moved for summary judgment on the same grounds. (Mot. for Summary Judgment ("MSJ"), ECF No. 32.) Plaintiff opposed the Motion to Dismiss, but not the Motion for Summary Judgment. (*See* Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp'n MTD"), ECF No. 38.)

On February 8, 2018, the Court denied both Motions. (*See* Order Denying Defendants' MTD ("Order"), ECF No. 41.) The Court held that the Motion to Dismiss could not be granted because evidence that the Restaurant is fully ADA compliant is substantive evidence that cannot be considered on a Rule 12(b)(1) motion to dismiss. (Order 5.) Soontornvipat's Motion for Summary Judgment was denied because it did not comply with the Local Rules for this District or this Court's

Standing Order, and because the Motion did not lay the necessary foundation for the evidence submitted. (Order 5–6.)

On February 16, 2018—two months after the expiration of the deadline to amend—Lindsay moved for relief from the scheduling order in order to file a FAC. (Mot. 1.) That Motion is presently before the Court for review.

### III.   LEGAL STANDARD

"Rule 16(b)'s 'good-cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The threshold question is whether the scheduling order could not have been reasonably met "despite the diligence of the party seeking the extension." *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983)). Although prejudice to the opposing party "might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If *that party was not diligent, the inquiry should end.*" *Id.*; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (emphasis added) (affirming denial of motion to modify schedule where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court").

### IV.   DISCUSSION

Lindsay indicates that she designated her expert witness on September 15, 2017, that the expert inspected the Restaurant on November 16, 2017, and provided a written site inspection report dated November 28, 2018. (Memorandum of Point and Authorities in Support of Motion for Relief from Scheduling Order and for Leave to File FAC ("Mem. P&A") 1; ECF No. 43-1.) According to Lindsay, the expert discovered unlawful architectural barriers in addition to those alleged in her original Complaint. (*Id.* at 1.) However, Lindsay claims that by the time she obtained the information from the expert's report and drafted a proposed FAC, the December 11, 2017 deadline to amend had already passed. (*Id.* at 2.) Lindsay now contends that she

meets all of the criteria for showing good cause for granting relief from the scheduling order, which allows her to file a FAC. (*Id.* at 4.) The Court disagrees.

Defendants argue that Lindsay's proposed FAC should be denied because she has not offered any explanation as to how she meets Rule 16(b)(4)'s "good cause" standard. (Defendants' Opposition to Motion for Relief From Scheduling Order and for Leave to File FAC ("Opp'n") 6, ECF No. 53.) Despite the fact that Lindsay possessed her experts' report before the amendment cutoff date, Defendants argue that Lindsay has offered "no reason at all" for her failure to meet the deadline. (*Id.* at 7.)

A Rule 16(b) scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 609. Accordingly, the Court must withhold consent to modification of a scheduling order where the parties fail to establish good cause for the modification. Fed. R. Civ. P. 16(b)(4). This Court also specifically noted that the case-management "dates and requirements are firm. The Court is unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a concrete showing." (Scheduling Order 1.)

Here, because leave to amend and relief from a Scheduling Order require the application of different standards, the Court's inquiry is limited to whether Plaintiff exercised diligence prior to moving for relief from the Scheduling Order. After reviewing the evidence, the Court concludes that Lindsay's conduct was not diligent and her arguments fail to establish good cause.

The undisputed facts demonstrate that Lindsay received a site inspection report on November 28, 2017. Thus, Lindsay had 13 days to move for relief from the Scheduling Order before the deadline. A plaintiff, armed with the evidence necessary to move for relief and 13 days to do so has ample time to avoid running afoul of court-imposed deadlines. Yet, Lindsay not only failed to take advantage of remaining time, she filed two months after the deadline. Moreover, Lindsay does not offer any evidence explaining her failure. Instead, she offers conclusory assertions that she

satisfied all standards to warrant relief from the Scheduling Order. This argument is unavailing. The practical effect of Lindsay's lack of evidence and argument is that the Court has two choices: fail to find diligence or venture into the realm of speculation. Given this Court's proclivity against arguments founded on speculation, the choice is clear. Thus, the Court concludes that Lindsay failed to exercise the degree of diligence necessary to demonstrate good cause and thereby warrant relief from the Court's Scheduling Order.

Accordingly, the Court does not find "good cause" to modify the Scheduling Order, and therefore declines to reach the analysis of whether leave to amend is proper under FRCP 15.

## V.  CONCLUSION

For the reasons stated herein, the Court **DENIES** Lindsay's Motion for Leave to Amend the Scheduling Order and For Leave to File a First Amended Complaint. (ECF No. 43.)

**IT IS SO ORDERED.**

August 8, 2018.    _____
                                  **OTIS D. WRIGHT, II**
                                  **UNITED STATES DISTRICT JUDGE**