O

JS-6

# United States District Court
# Central District of California

SHIRLEY LINDSAY,

    Plaintiff,

v.

1777 WESTWOOD LIMITED PARTNERSHIP, a California Limited Partnership; FARZIN HALAVY; SUTTHIWAN SOONTORNVIPAT; and DOES 1-10,

    Defendants.

Case No. 2:17-cv-0333-ODW(AS)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [50]; DENYING PLAINTIFF'S CROSS MOTION AS MOOT. [60]**

## I. INTRODUCTION

Plaintiff Shirley Lindsay ("Plaintiff") brings this action alleging that the premises of Defendant Sutthiwan Soontornvipat's ("Defendant") business, Thai Fresh Café, has barriers to access which violate the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("UCRA"). Pending before the Court is Defendant's Motion for Summary Judgment, in which she argues that she has fully remediated the violations alleged in the Complaint and therefore, the Court should dismiss Plaintiff's ADA claim as moot and decline to exercise jurisdiction over the

UCRA claim. For the following reasons, the Court **GRANTS** Defendant's Motion.[1] (Mot. for Summ. J. (hereinafter "Mot." or "Motion"), ECF No. 50.), and also **DENIES** Plaintiff's Cross Motion for Summary Judgment **AS MOOT** (Mot. for Partial Summ. J., ECF No. 60).

## II. BACKGROUND

Defendant is the business owner of Thai Fresh Café (the "Café") located in Los Angeles, California. (Pl.'s Statement of Uncontroverted Facts ("Pl.'s SUF") ¶ 2, ECF No. 50-1.) On January 16, 2017, Plaintiff initiated this lawsuit, alleging that Defendant violated the ADA and UCRA by failing to provide accessible parking spaces. (Compl. ¶¶ 29–30.) Plaintiff also alleged a lack of accessible path of travel connecting all buildings (*Id*. ¶¶ 31–32.); that defendant mounted mirrors higher than the maximum height permitted by the ADA (*Id.* ¶¶ 33–34.); and that bathroom sinks did not provide at least 29 inches of knee clearance, (*Id*. ¶¶ 35–36.).

On July 15, 2017, Amir Hamidzadeh, a Certified Access Specialist, conducted an inspection of the Café at Defendant's request and provided a final inspection report. (*See* Pl.'s SUF ¶ 3.) In his report, Hamidzadeh concluded that Defendant completed all necessary corrections and that the café met the current State and Federal Construction Related Accessibility Standards. (Decl. of Amir Hamidzadeh ("Hamidzadeh Decl.") Ex. 1, ECF No. 64.)

Defendant moved for Summary Judgment on March 5, 2018. (Mot., ECF No. 50.) Plaintiff opposed the Motion (Opp'n, ECF No. 59.), and filed a Cross Motion for Summary Judgment (ECF No. 60.) Plaintiff disputes whether Defendant's corrections meet ADA standards and provides a report from her own Certified Access Specialist, Janis Kent, who visited the Café on November 16, 2017. (Decl. of Janis Kent ("Kent Decl.), ECF No. 60-13.)

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

2

###   III.   LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1968). Conclusory or speculative testimony in affidavits are insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill's Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Thus, the Court will grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should

set out the material facts to which the moving party contends there is no genuine dispute. C.D. Cal. L.R. 56-1. Additionally, a party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. 56-2. In determining any motion for summary judgment, "the Court may assume that material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Disputes" and (b) controverted by declaration or other written evidence files in opposition to the motion. C.D. Cal. L.R. 56-3.

## IV. DISCUSSION

### A. ADA Claim

Plaintiff raises a claim for violation of Title III of the ADA, which prohibits discrimination in any place of public accommodation. 42 U.S.C. § 12182; *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130 (C.D. Cal. 2005).. In order to establish a prima facie case for discrimination under Title III of the ADA, Plaintiff must show that (1) he or she is disabled within the meaning of the ADA; (2) Defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) Defendant denied public accommodations to Plaintiff because of his or her disability. 42 U.S.C. § 12182(a); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Monetary damages are not available in private suits under Title III, *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002), but the ADA gives courts the discretion to award injunctive relief, attorneys' fees, litigation expenses, and costs to the prevailing parties. *See* 42 U.S.C. § 12205; *Molski*, 481 F.3d at 730.

Because a plaintiff can only sue for injunctive relief in an ADA case, the Ninth Circuit has explained: "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011); *see also Hubbard v. 7–Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006) (mooting ADA claim where defendant

4

repaired ramp slope from public sidewalk to store entrance, which was too steep). In contemplating whether defendant has voluntarily removed alleged barriers, courts limit inquiry to barriers alleged in the Complaint. *Id*. at 908–09.

Defendant presented site inspection evidence from access specialist Amir Hamidzadeh, who concluded that, in his professional opinion, the Café's parking spaces and access areas were ADA compliant. Although Plaintiff disputes whether Defendant is in compliance, the only evidence she submits in rebuttal is the declaration of her own certified access specialist, Kent. In accord with the precedent of this Circuit, the Court limits inquiry to the two issues presented in the Complaint: (1) the designated parking space lacked an access aisle; and (2) there was no accessible path of travel into the Café. (Compl. ¶¶ 29–32.) Defendant argues Plaintiff's claims are moot because Defendant repaired the barriers Plaintiff raises in her Complaint.[2]

### 1. The Access Aisle

In her Complaint, Plaintiff maintains at the time she visited the Café, the designated space lacked an access aisle, and opined that even if someone determined that an access aisle did indeed exist, it lacked a "no parking" designation. (Compl. ¶ 30.)

The Americans with Disabilities Act Guidelines for Buildings and Facilities ("ADAAG"), which governs the instant issues, requires that one out of every eight spaces be van accessible, which requires an accessible space of at least 96 inches wide adjacent to a 96–inch wide access aisle. ADAAG § 4.1.2(5)(b). The ADAAG also provides that "[p]arking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions." ADAAG § 4.6.3.

After receiving the Complaint, Defendant took actions to remedy the allegations and obtained an inspection of her premises thereafter. Defendant presented the report

---

[2] Although the Complaint included claims relating to the bathroom at the Café, the bathroom was not open to the public and Plaintiff subsequently conceded such claims. Thus, no analysis on this issue is necessary.

of CaSp inspector Amir Hamidzadeh, which concluded "[t]he location, configuration, measurements, slopes, striping and signage for the accessible parking space and adjacent [access] aisle were all in compliance." (Hamidzadeh Decl., Ex. 1, at 3.) Hamidzadeh supported his findings with photographs of the parking space and associated access aisle, and no slope measurement was in excess of the 2% limit. (*Id.* at 5–6.)

Plaintiff's expert Kent challenges the width of the parking space, indicating that the 9' width (106 inches) of the actual space and corresponding 8' (96 inches) aisle width switched, rendering the space noncompliant. (Kent Decl. at 4, ECF No. 60-13.) The ADAAG makes clear, however, that a width of 96 inches (8ft) is acceptable. Thus, Plaintiff's argument is unavailing. Moreover, Plaintiff does not challenge the slope of the parking space or access aisle, but instead challenges measurements not alleged in the Complaint. The Ninth Circuit has directed courts addressing ADA claims on summary judgment to consider only issues raised in the Complaint so defendants may receive fair notice of the claims they face. *Oliver*, 654 F.3d at 908–09. It is with this in mind that the Court declines to consider arguments raised for the first time in Defendant's expert report.

Accordingly, the Court concludes that there is no genuine issue of material fact as to the parking space.

**2. Accessible Pathway**

Plaintiff also maintains that Defendant's premises lacked an accessible pathway from her vehicle into the Café. (Compl. ¶ 32.)

The applicable ADAAG standard relating to accessible paths of travel provides:

> At least one accessible route within the boundary of the site shall be provided from public transportation stops, accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve. The accessible route shall,

6

> to the maximum extent feasible, coincide with the route
> for the general public.

ADAAG § 4.3.2(1).

However, Plaintiff's declaration and expert report do not support a finding of an ADA violation. Defendant presented evidence that a van-accessible parking spot was located in the first parking spot nearest the entrance to the Café, which provides an unobstructed access path. Plaintiff's argument envisions a scenario where she arrives to the Café and another patron parked in the van-accessible location, forcing her to navigate through the parking lot to the entrance of the Café. However, there is no requirement that every parking space be next to an accessible route. *See Long v. Coast Resorts, Inc.*, 32 F. Supp. 2d 1203, 1212 (D. Nev. 1998) ("the ADA does not require every element of a place of public accommodation to be accessible. For example, [e]very stall in every bathroom is not required to accommodate wheelchairs. Every entrance or exit is not required to be wheelchair-accessible."), *aff'd in part*, *rev'd in part,* 267 F.3d 918 (9th Cir. 2001). In sum, Plaintiff's argument fails to create a genuine issue of material fact because Defendant created an ADA compliant van-accessible parking space that is closely located to the Café with an unobstructed path of travel, and Defendant is not required to make every parking space ADA compliant.

Therefore, the Court finds that the Defendant has repaired the ADA violations alleged in the Complaint. Accordingly, the Court **GRANTS** summary judgment as to Plaintiff's ADA claim.

**B.  UCRA**

Defendant also moves for summary judgment as to Plaintiff's claim under the UCRA. Because the Court grants summary judgment on Plaintiff's ADA claim, the only remaining issue is whether the Court may exercise supplemental jurisdiction over the pendent state law claim.

The Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The ADA claims and

state law claim share a common nucleus of operative fact and are "part of the same case or controversy"; both use identical factual allegations and violations of the ADA constitute violations of the parallel sections in the UCRA. *See* Cal. Civ. Code §§ 51(f), 54(c). Nevertheless, once the Court acquires supplemental jurisdiction, it may decline to exercise it if:

> (1) the claim raises a novel or complex issue of state law;
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
> (3) the district court has dismissed all claims over which it has original jurisdiction; or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity. *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).

Here, the Court granted summary judgment on the ADA claim, the only claim over which it has original jurisdiction. "[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors. . .will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Thus, the Court declines to exercise supplemental jurisdiction over the state law UCRA claim, as it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(1); *see, e.g.*, *Oliver*, 654 F.3d at 910 (finding that the district court did not abuse its discretion in dismissing state law claims under the UCRA and CDPA after losing original jurisdiction over ADA claim); *see also Rodgers v. Chevys Restaurants, LLC*, No. C13-03923 HRL, 2015 WL 909763, at *4 (N.D. Cal. Feb. 24, 2015) ("In a Title III ADA action, a district court may properly decline supplemental

jurisdiction over related state-law access claims once the ADA claim has been dismissed."). The Court **GRANTS** Defendant's Motion as to the UCRA claim.

## V. CONCLUSION

For the above reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (ECF No. 50.), and **DENIES** Plaintiff's Cross-Motion for Summary Judgment **AS MOOT**. (ECF No. 60.) The Court will issue judgment.

**IT IS SO ORDERED.**

August 17, 2018

                              **OTIS D. WRIGHT, II**
                            **UNITED STATES DISTRICT JUDGE**